THE BRONX DEFENDERS

March 23, 2026

**By ECF**

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Gomez v. Noem et al.*, No. 25-cv-10394 (JPC)

Dear Judge Cronan:

I represent the Petitioner, Mr. Manuel Gomez, in this habeas corpus action. Pursuant to this Court's Order dated March 13, 2026 (ECF No. 8), I respectfully submit this letter addressing the Court's recent decisions in *Chen v. Almodovar*, No. 25 Civ. 9670 (JPC), 2026 WL 100761 (S.D.N.Y. Jan. 14, 2026), and *Flores Palma v. Arteta*, No. 25 Civ. 9340 (JPC), 2026 WL 697015 (S.D.N.Y. Mar. 12, 2026).

The central legal issues in Mr. Gomez's habeas petition are (1) ICE's statutory detention authority for a noncitizen who has been living in the United States for over 30 years, after entering without inspection in 1995, and (2) whether Petitioner's detention satisfies due process. *See* Habeas Petition, ECF No. 1. While reserving all rights, including the right to appeal, Petitioner recognizes that this Court's decision in *Chen* addresses these issues in favor of Respondents. Petitioner further acknowledges other decisions in this district finding the same. *See Arana v. Arteta*, No. 26-cv-240, 2026 WL 279786 (GWH) (S.D.N.Y. Feb. 3, 2026); *Weng v. Genalo*, No. 25-cv-9595, 2026 WL 194248 (JHR) (S.D.N.Y. Jan. 25, 2026); and *Chen v. Almodovar*, No. 25-cv-8350, 2025 WL 3484855 (MKV) (S.D.N.Y. Dec. 4. 2025), appeal filed Dec. 16, 2025, No. 25-3169 (2d Cir.).

As argued in his petition, Petition respectfully maintains that he is subject to discretionary detention under 8 U.S.C. § 1226(a) because he is not "seeking admission" under Section 1225(b)(2). *See Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (citing hundreds cases in Appendix A at the end of the decision and noting "[t]he challengers have

prevailed, either on a preliminary or final basis, in 350 of those cases decided by over 160 different judges sitting in about fifty different courts spread across the United States"); *Tumba v. Francis*, No. 25-CV-8110 (LJL), 2025 WL 3079014, at *3 (S.D.N.Y. Nov. 4, 2025); *J.G.O. v. Francis*, No. 25 Civ. 7233 (AS), 2025 WL 3040142, at *2–4 (S.D.N.Y. Oct. 28, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 487-89 (S.D.N.Y. 2025).

The Second Circuit is currently considering this issue in the government's appeal of *Barbosa Da Cunha v. Moniz*, No. 25-cv-6532 (W.D.N.Y. Nov. 25, 2025) (concluding, *inter alia*, that Section 1226(a), not Section 1225(b)(2)(A), applied), notice of appeal filed Dec. 11, 2025, No. 25-3141 (2d Cir.). The Second Circuit granted the government's motion to expedite the appeal. *See Barbosa Da Cunha v. Moniz*, No. 25-3141 (2d Cir.) Jan. 23, 2026 Order (ECF No. 24). Briefing was completed on March 3, 2026, and oral argument has been scheduled for April 6, 2026. *See id.* Mar. 6, 2026 Order (ECF No. 62).

Concerning this Court's decision in *Flores Palma*, Petitioner did not raise a prolonged detention claim in his habeas petition. Now that he has been detained for over nine months, since June 18, 2025, Petitioner had intended to seek leave of this Court to file an amended petition to add a prolonged detention claim. *See Black v. Decker*, 103 F.4th 133, 150 (2d Cir. 2024) ("[A]ny immigration detention exceeding six months without a bond hearing raises serious due process concerns."). Petitioner recognizes the Court's holding in *Flores Palma* that "due process does not entitle [a non-entered] alien to a bond hearing" complicates such a claim. 2026 WL 697015, at *1. Petitioner respectfully disagrees with *Flores Palma*, noting "that the vast majority of courts to address whether individuals detained under § 1225(b) have a right to a bond hearing have held that they do." *Al-Thuraya v. Warden, Orange Cnty. Corr. Facility*, 809 F. Supp. 3d 135, 143 (S.D.N.Y. 2025) (citing cases); *see also Flores Palma*, 2026 WL 697015, at *8 n.5 (citing cases).

Moreover, unlike the noncitizen in *Flores Palma*, Petitioner Mr. Gomez effected an entry into the United States when he entered without inspection over 30 years ago. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("Once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent."). Petitioner was not paroled into the country under 8 U.S.C. § 1182(d)(5)(A) like the noncitizen in *Flores Palma*. 2026 WL 697015, at *9 ("It is thus well-established that, 'although physically within our boundaries, [a paroled alien] is to be regarded as if he had been stopped at the limit of our jurisdiction.'") (citation omitted). Nor was Petitioner stopped at or near the

border. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 105 (2020) ("An alien who is detained shortly after unlawful entry cannot be said to have 'effected an entry.'"). To the extent that *Flores Palma* applies to non-citizens who are paroled or otherwise stopped at or near the border, it does not preclude a finding that the due process clause applies to Petitioner Mr. Gomez, who has effected an entry. If the Court finds this entry distinction between Petitioner and the noncitizen in *Flores Palma* meaningful, Petitioner respectfully asks for leave to amend his habeas petition to add a prolonged detention claim.

Accordingly, though Petitioner respectfully disagrees with this Court's decision in *Chen*, Petitioner acknowledges that it controls. As to *Flores Palma*, Petitioner maintains he has effected an entry and protected by the due process clause.

Thank you for the Court's time and attention to this matter.

Respectfully submitted,

/s/ Nhu-Y Ngo
Nhu-Y Ngo
The Bronx Defenders
Tel. 347-842-1320
Email: nngo@bronxdefenders.org

*Counsel for Petitioner*

CC: Counsel of record (via ECF)

The Court thanks the parties for their letters. Petitioner may file an Amended Petition by April 10, 2026. Respondents may respond to the Amended Petition by April 17, 2026.

SO ORDERED
April 1, 2026

JOHN P. CRONAN
United States District Judge